Henry F. Carter, Appellee, v. Sangamon Coal Company, Appellant.

MINES AND MINERS—*when wilful violation not established.* If it is clear from the evidence that the accident complained of would not have occurred but for the entanglement of certain mules and that the same was in nowise the result of the width of the passageway in question, a judgment with a finding of facts in favor of the defendant will be entered on appeal.

Action in case for personal injuries. Appeal from the Circuit Court of Sangamon county; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the May term, 1910. Reversed with finding of fact. Opinion filed May 26, 1911.

BROWN, WHEELER, BROWN & HAY, for appellant; MASTIN & SHERLOCK, of counsel.

JOHN F. ARMSTRONG and ROBERT H. PATTON, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

Appellee recovered a verdict and judgment against appellant for $350 as damages for personal injuries alleged to have been sustained by reason of the wilful failure of appellant to comply with a provision of the Mines and Miners Act, as follows: "At the bottom of every shaft and at every caging place therein, a safe and commodious passage way must be

cut around said landing place to serve as a traveling way by which men or animals may pass from one side of the shaft to the other without passing under or on the cage."

It is not claimed by appellee that appellant wholly failed to cut a passageway around the landing place in its mine in an effort to comply with the provisions of the statute, but it is claimed that such a passageway was not safe and commodious within the meaning of said statute.

The evidence considered most favorably for appellee discloses that in June, 1908, he was employed in that portion of appellant's mine located south of the bottom of the shaft; that upon the occasion on which he was injured he with other employees in that portion of the mine quit work at about four o'clock in the afternoon and proceeded to the bottom of the shaft by the passageway for the purpose of being conveyed by the cage to the top of the mine; that said passageway was of the width of from three and a half to five feet; that at the same time the men employed in the portion of the mine which was located north of the shaft proceeded in like manner to the bottom of the shaft for the same purpose, and that in accordance with an established custom in the mine the cage which held ten men was loaded upon each occasion with five men from each side of the shaft; that at the time of the accident there were about thirty men in the passageway—fifteen from each side of the shaft—all waiting their turn to enter the cage; that while the men were so standing in the passageway and were crowding each other in their efforts to enter the cage a team of mules hitched tandem, or as a "spiked team," followed by a single mule, were being driven through said passageway from the north to the south side of the shaft; that while the mules were being thus driven through the passageway the single mule in the rear being urged forward by its driver proceeded abreast of the leading mule of the "spiked team," and the rear mule of the "spiked team" being struck by its driver lunged forward, and the three mules became so entangled that one of them fell upon appellee causing the injury complained of; that mules were frequently driven through the passageway while men were

traveling or standing therein and that the passageway was of sufficient width to accommodate the passage of men and mules therein in the usual and customary manner in which such passageway was used.

It is manifest that the accident would not have occurred had not the mules become entangled in the manner described, and while the Mines and Miners Act is to be liberally construed, every accident occurring in a mine is not to be necessarily attributed to the wilful failure of a mine operator to comply with some provision of the Act. The evidence discloses that the county mine inspector, whose duty it was to see that the requirements of the statute were complied with, had inspected the passageway as it existed in appellant's mine and had had no occasion to find or report the same as being unsafe and incommodious. This evidence, while in no sense conclusive, is entitled to more than a mere casual consideration. It may be conceded that whether or not a passageway is safe and commodious within the meaning of the statute is ordinarily a question of fact for the determination of a jury, but such determination is not conclusive and should not be so regarded when it is against the manifest weight of the evidence. To hold the passageway in question was not safe and commodious because an accident occurred therein under the circumstances disclosed in this case, would necessitate a like holding if the passageway had been of the width of ten feet and a like accident had resulted by reason of five or six mules running abreast and becoming entangled therein.

The judgment of the circuit court will be reversed with a finding of fact to be incorporated in the judgment of this court.

*Reversed with finding of fact.*

Finding of Fact: We find as an ultimate fact that appellant was not guilty of a wilful failure to comply with the provision of the Mines and Miners Act as alleged in the declaration.